**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rocky JONES, a/k/a Rocky Reid,
Defendant-Appellant.**

No. 28928
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit. ·

Sept. 18, 1970.

Herschel Bloom, Atlanta, Ga. (court appointed), for defendant-appellant; Rocky Jones, in pro. per.

R. Jackson B. Smith, Jr., U. S. Atty., Richard C. Chadwick, Bruce B. Greene, Asst. U. S. Attys., Savannah, Ga., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Rocky Jones appeals from a conviction for knowingly transporting a stolen mo-

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F. 2d 409, Part I.

tor vehicle in interstate commerce, in violation of Title 18, U.S.C., Section 2312 (the "Dyer Act"). We find no adequate grounds for reversal, and affirm.

On or about June 10, 1969, an automobile owned by Mr. George Lindahl was stolen from Duval County, Florida. On that same day, the defendant was arrested in Camden County, Georgia, for driving while intoxicated. The defendant was incarcerated and the car which he was driving was impounded by the Camden County Sheriff. Later that day Gayle Rogers, a special agent for the Federal Bureau of Investigation, examined the car, recorded the automobile's license number and vehicle identification number, and determined that the automobile was the one which had been reported stolen in Duval County, Florida. At the trial Rogers testified as to the make and model of the automobile, and verified that Mr. Lindahl was the owner. Mr. Lindahl testified as to the identity of the registration certificate of the automobile, with the vehicle identification number noted thereon, and the certificate was admitted into evidence.

■ The only matter presented by appellant which merits discussion is the contention that the testimony of Rogers was the fruit of an unreasonable search in violation of the defendant's Fourth Amendment rights. The defendant explains that the government sought to show that the automobile had recently been stolen in Florida in order that they might make use of the well-established proposition that unexplained possession of a recently stolen automobile in another state may give rise to an inference that the party in possession transported the vehicle and knew that it was stolen; further, defendant asserts that the only direct evidence presented by the government to establish the fact that the automobile had been recently stolen was the testimony of Rogers concerning his examination of the automobile and his determination of ownership based on the identification numbers found in the automobile. It is not contended that the contents of the automobile were used in evidence against the defendant nor that the contents were used to obtain evidence against the defendant. The simple obtaining of the identification numbers from the automobile by the government agent without a search warrant is claimed to be violative of the appellant's Fourth Amendment rights.

This matter is controlled by our recent decision in United States v. Johnson, 5 Cir. 1969, 413 F.2d 1396, affirmed en banc 431 F.2d 441 [1970]. In that case we held that inspections by police officers, who were entitled to be on the property where the vehicle was located, which in no way damaged the vehicle, and which were limited to determining the correct identification numbers of the vehicle were not searches within the meaning of the Fourth Amendment, or alternatively, if such inspection constituted a Fourth Amendment search, then no search warrant was necessary because such inspections were reasonable and did not violate the rights of the people to be secure in their persons, houses, papers and effects. Glisson v. United States, 5 Cir. 1969, 406 F.2d 423, relied upon by the appellant, was expressly overruled to the extent that it was inconsistent with the *Johnson* holding. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), is not pertinent. That case involved aggravated circumstances; a post-arrest, *detailed* search and seizure of the contents of an automobile, and eventual use of the seized articles as evidence at the trial of defendants. The *Johnson* holding is carefully qualified to avoid the situation described in *Preston*.

The defendant makes the further claims that the evidence presented by the government was not sufficient to support a conviction for violation of the Dyer Act, that the district court's instructions failed to submit to the jury the factual issue of the identity of the automobile in which the defendant was arrested, that the district court's instructions misled the jury with respect to the government's evidence, and finally that the district court's comment on the fail-

ure of the defendant, who took ·the stand and testified, to deny that he took the vehicle was violative of his rights guaranteed by the Fifth Amendment. Careful scrutiny of the record reveals that these contentions are without merit.

Affirmed.